UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARVEST CYCLE DAVIDSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KIM M. SHOMER; FREEMAN LAW FIRM PLLC,<br><br>　　　　　Defendants. | Case No. 3:25-cv-05479-TMC<br><br>ORDER TO SHOW CAUSE |

## I.　ORDER

This matter comes before the Court upon reviewing Plaintiff Harvest Cycle Davidson's complaint and pending motions. Dkt. 10; Dkt. 11; Dkt. 12; Dkt. 13; Dkt. 14; Dkt. 15; Dkt. 16. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (The Court has "an independent obligation to determine whether subject-matter jurisdiction exists.").

Mr. Davidson has filed this action in federal court. Dkt. 1; Dkt. 10. But this is a Court of limited jurisdiction. The Court may only exercise jurisdiction over this case if it has "subject matter jurisdiction" over the action. *See* 28 U.S.C. §§ 1331, 1332. A party may claim that a federal court has subject-matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Diversity jurisdiction, which Mr. Davidson claims here, has two requirements. Dkt. 10 at 7; 28 U.S.C. § 1332. First, "[d]iversity [jurisdiction] requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For this reason, Local Civil Rule 8(a) requires that any plaintiff asserting diversity jurisdiction in this District must identify the citizenship of the parties in their complaint. *See* LCR 8(a). Second, the amount in controversy must exceed $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing 28 U.S.C. § 1332).

Mr. Davidson has met the second requirement, adequately alleging that the amount in controversy exceeds $100,000. Dkt. 10 at 7. But Mr. Davidson has not satisfied the first: alleging that the parties are citizens of different states. Mr. Davidson claims that he is a resident of California and that Defendants are residents of Washington. *Id.* Mr. Davidson states in his complaint that he resides in Elk Grove, California. *Id.* But, elsewhere in the complaint, Mr. Davidson lists his residence as an apartment in University Place, Washington. *Id.* at 1. And in Mr. Davidson's request for a Temporary Restraining Order, he notes that he is a "recent Washington resident[.]" Dkt. 16 at 1.

First, it is important to distinguish between "residency" and "citizenship." The diversity jurisdiction statute "speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's citizenship is "determined by [his] state of domicile, not [his] state of residence." *Id.* A person's domicile is his "permanent home, where [he] resides with the intention to remain" indefinitely. *Id.* If, prior to filing this case, Mr. Davidson moved to Washington with the intent of permanently residing in the state indefinitely, then Mr. Davidson is a Washington citizen for purposes of the litigation. Under those circumstances, the parties would not be considered diverse, and the Court would be required to dismiss the case. *See id.*

ORDER TO SHOW CAUSE - 2

      Notably, citizenship is determined at the time of filing. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") (citation omitted). This means that if Mr. Davidson was still a citizen of California when he filed the case, the Court may retain jurisdiction. Any subsequent changes in citizenship would not destroy jurisdiction. *Id.* If, however, Mr. Davidson was already a citizen of Washington at the time of and Defendants are also citizens of Washington, then there is not complete diversity.

      Second, Mr. Davidson must also address the citizenship of Defendants. Because Defendant Shomer is also a person, Mr. Davidson may address her citizenship the same as he does his own. But the rules for citizenship of Defendant Freeman Law Firm PLLC are different. For purposes of diversity jurisdiction, an LLC is a citizen of all states where its members are citizens. *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir.), *cert. denied*, 145 S. Ct. 158 (2024). Citizenship is determined by all the members of the LLC. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members.") (citation modified). If one of the LLC's members is a citizen of the same state as its adversary, then diversity of citizenship is lacking. *See Voltage*, 92 F.4th at 822.

      Mr. Davidson's complaint notes that Defendant Freeman Law Firm, PLLC "is a professional limited liability company with its principal office located in Tacoma, Washington." Dkt. 10 at 7. The complaint does not mention the citizenship of Defendant Freeman's members. The complaint thus does not properly allege Defendant Freeman's citizenship.

## II.   CONCLUSION

      Thus, the Court ORDERS Mr. Davidson to show cause within 14 days of this order why the case should not be dismissed for lack of jurisdiction. If the Court finds that it must dismiss

ORDER TO SHOW CAUSE - 3

the case, it will do so "without prejudice." This means that Mr. Davidson can refile his claims in state court, which is a court of general jurisdiction, if he chooses to do so.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of June, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER TO SHOW CAUSE - 4