UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARVEST CYCLE DAVIDSON,<br><br>    Plaintiff,<br><br> v.<br><br>KIM M. SHOMER; FREEMAN LAW FIRM PLLC,<br><br>    Defendants. | Case No. 3:25-cv-05479-TMC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. ORDER

Plaintiff Harvest Cycle Davidson has moved for a temporary restraining order (TRO), requesting various forms of relief against Defendants Kim Shomer and Freeman Law Firm PLLC. Dkt. 16. Mr. Davidson asks the Court to prevent Defendants "from surveilling, monitoring, approaching, or attempting to interfere with Plaintiff in any professional or personal capacity." *Id.* at 1. Davidson explains that he is a "recent Washington resident" now "employed as a Route Relief Driver with Bimbo Bakeries." *Id.* "Since the litigation began, Plaintiff has experienced unease due to prolonged stares and potential indirect monitoring while performing his job duties." *Id.* Though Davidson concedes that the actions are "not overtly threatening, these occurrences have caused distress and prompted this request for precautionary relief." *Id.*

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

Most orders for emergency relief restrict a party from taking a certain action, but TROs can also be mandatory in that they can order a party to perform an affirmative act or a specific course of conduct. *State of Alabama v. United States*, 304 F.2d 583, 590 (5th Cir. 1962), *aff'd sub nom. Alabama v. United States*, 371 U.S. 37 (1962) ("Mandatory injunctions affirmatively compelling the doing of some act, rather than merely negatively forbidding continuation of a course of conduct, are a traditional tool of equity."). Irreparable harms, as TROs seek to prevent, are injuries "for which there is no adequate legal remedy." *See Nat'l Ass'n of Manufacturers v. United States Dep't of Homeland Sec.*, 491 F. Supp. 3d 549, 569 (N.D. Cal. 2020) (citing *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1279 (9th Cir. 2020)).

The standards that govern temporary restraining orders ("TRO") are "substantially similar" to those that govern preliminary injunctions. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). "To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant must make a showing for each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Mr. Davidson has not shown a likelihood of success on the merits. See *Geo Group, Inc.*, 50 F.4th at 753. Mr. Davidson explains in his motion that he is likely to succeed on the merits because he "has filed detailed motions supported by documentation and witness declarations demonstrating misconduct by the Defendants[.]" Dkt. 16 at 2. He maintains that the "strength of the evidentiary foundation supports a likelihood of prevailing on at least some claims." *Id.* For the purposes of this motion, the Court does not dispute these statements. But, as the Court

explained in its order to show cause, Mr. Davidson has not shown that the Court has jurisdiction over the case. Because the Court "appears to lack jurisdiction over [Mr. Davidson's] claims, [he] cannot demonstrate a substantial likelihood of success on the merits of his claims." *Williams v. Dep't of Just.*, No. 2:24-CV-05406-DDP (AJR), 2024 WL 3915922, at *2 (C.D. Cal. July 25, 2024) (citing cases); *Jama v. King Count[y] Judges*, No. C21-1150RSL, 2021 WL 5177578, at *1 (W.D. Wash. Nov. 8, 2021) ("The Court is currently unable to ascertain the likelihood of success on the merits because the existing complaint . . . suggests that the Court lacks subject matter jurisdiction over at least some portion of his claims.").

## II.  CONCLUSION

For these reasons, the motion for temporary restraining order (Dkt. 16) is DENIED. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of June, 2025.

Tiffany M. Cartwright
United States District Judge